CUNNINGHAM V. THE CITY OF ST. LOUIS, *Appellant.*

1. **Negligence**: CITY OF ST. LOUIS: COURTHOUSE. No action can be maintained against the city of St. Louis for an injury resulting from its negligence in permitting an unguarded pit to exist adjacent to an approach to its courthouse.

2. ——— : ——— : ———. The relation of the city of St. Louis to the courthouse since the separation of the city from the county is the same as that of a county to its courthouse.

*Appeal from St. Louis City Circuit Court.*—HON. W. H. HORNER, Judge.

REVERSED.

*Leverett Bell* for appellant.

A municipal corporation is not liable for negligence in the performance of a public duty cast upon it by a general law. *Hill v. Boston,* 122 Mass. 344; *Eastman v. Meredith,* 36 N. H. 284; *Bigelow v. Randolph,* 14 Gray, 541; *County v. Mighel,* 7 Ohio St. 109; *Swineford v. County,* 73 Mo. 279; *Armstrong v. Brunswick,* 79 Mo. 319. The city of St. Louis maintains the courthouse, not under its municipal functions, but pursuant to section twenty-three of article nine of the state constitution, which requires the city to collect the state revenue and perform all other functions in relation to the state in the same manner as if it were a county, etc. The city government is simply the agent of the state of Missouri in the premises, and it maintains the courthouse for state purposes, and at the command of the state. If the separation of the county and city of St. Louis had not taken place, and the county of St. Louis had continued its dominion over the courthouse in the city of St. Louis, the allegations of the petition, if

aimed at the county of St. Louis, would not have stated a cause of action against it. See 7 Ohio St. 109, and 73 Mo. 279, above cited. The relation of the city government to the courthouse in St. Louis is the same as that exercised by the county governments throughout Missouri to the same subject-matter. And the action of the county governments in the premises cannot be controlled by the courts. *State v. County*, 41 Mo. 44; *Vitt. v. Owens*, 42 Mo. 512; *State v. County*, 58 Mo. 588; R. S., secs. 1199, 5324 to 5337.

*A. R. Taylor* for respondent.

NORTON, C. J.—This is an action to recover damages for personal injuries in which plaintiff obtained judgment, from which the defendant has appealed.

For his cause of action plaintiff alleges in his petition that the city of St. Louis is a municipal corporation, and by virtue of the laws of the state owned and controlled the court-house building and grounds bounded on the north by Chestnut street, on the west by Fifth street, on the south by Market street, and on the east by Fourth street; that plaintiff, while passing along a passageway from the court-house entrance, next south of that portion known as court-room number two, endeavoring to go from said entrance to Fifth street, got out of his path and fell into an open area or pit adjacent to said passageway, and received the injury for which he sues. It is averred that said pit or area was, by reason of its proximity to said pathway, dangerous to persons while passing to and from said entrance; that it was unfenced, unguarded and unlighted.

The evidence tended to establish the averments of the petition, and that defendant was injured in the way set forth therein. The evidence also tended to show that the areas or pits into one of which plaintiff fell had been constructed about thirty years ago for the purpose

of furnishing light and ventilation to the basement of that wing of the courthouse, and that the basement-room of the building could not be utilized without light so furnished by the areas. At the close of the evidence defendant asked the court to instruct that, under the pleadings and evidence, plaintiff was not entitled to recover. This instruction the court refused, and its action in that respect is assigned for error.

It is very clear that under our rulings in the cases of *Reardon v. St. Louis County*, 36 Mo. 555 ; *Swineford v. Franklin County*, 73 Mo. 279, and *Armstrong v. Brunswick*, 79 Mo. 319, that if the accident in which plaintiff was hurt had occurred anterior to the separation of the city of St. Louis from the county of St. Louis no action could have been maintained against the county of St. Louis, it being distinctly held in the first case above cited that counties are *quasi*-corporations, made by the legislature for purposes of public policy, and are not responsible for neglect of duties enjoined upon them, unless the action is given by statute. After an elaborate discussion of a similar question in the cases of *Eastman v. Meredith*, 36 N. H. 284 ; *Hill v. Boston*, 122 Mass. 344, and *Board v. Mighel*, 7 Ohio St. 109, the same conclusion is arrived at as that announced in the cases above cited from our own reports.

It follows from what has been said that if the city of St. Louis, after its separation from the county, sustains the same relation to the courthouse as the county did before the separation, it is no more liable for damages for such an injury as plaintiff sues for than the county would have been. We think it clear that the relation of the city government to the courthouse is the same as that of the county governments with reference to courthouses in the respective counties in the state ; and that the courthouse is maintained in the city of St. Louis, not in the exercise of or by virtue of its

municipal functions, but in pursuance of section twenty-three, article nine, of the constitution, which requires the city, among other things, to collect the state revenue and "perform all other functions in relation to the state in the same manner as if it were a county."

This view of the subject brings us to the conclusion that the court erred in refusing the instruction asked by defendant, and for this error the judgment is reversed. All concur, except RAY, J., absent.