**GAUSE v PEELER et**

Ohio Appeals, 5th Dist, Richland Co

Decided Nov 19, 1931

Messrs. Garver & Badger, for plaintiff in error.

Mr. G. E. Kalbfleisch, Prosecuting Attorney, Mansfield, and Mr. James V. Will, for defendants in error.

SHERICK, PJ.

These are the essential averments of the petition that need be considered in the matter, and present the question whether or not the trial court properly sustained a demurrer to this petition. It appears that the court sustained this demurrer upon the authority of the case of **Smith v Commissioners of Williams County, 10 C.C. (n.s.), 115, 19 C.D., 610,** and also upon the authority of **Durrell, Admr v Ohio Trartion Co., 7 N.P. (n.s.), 136, 19 O.D. (N.P.), 112.** It will be noted that in both of these cases the county commissioners in their official capacity were the defendants, and we are inclined to believe that these two cases are not authority upon which the demurrer in this case should have been sustained.

Turning to the Smith case we find that the court therein said, on page 118 of 10 C.C. (N.S.): "It is provided in some of the statutes relating to improved roads and in other cases that the commissioners shall keep them in repair, but there is no such provision as to an ordinary county road. On the contrary, express provisions are made in some statutes, as to township trustees keeping roads in repair, and conditions as to supervisors keeping roads in repair in their district, and provisions as to the fund from which they may draw to keep the roads in their district in repair." From this excerpt it is clear that the court in that case recognized that there were certain statutes pertaining to the duties of township trustees

with which county commissioners were not similarly charged.

We would direct attention to §3370, GC, which provides: "The township trustees shall have control of the township roads of their township and shall keep the same in good repair." It is clear from this section that a duty is imposed by statute upon the township trustees with reference to the repair of its township roads.

Turning now to §3298-17, GC, it is provided: "Each board of township trustees shall be liable, in its official capacity for damages received by any person, firm or corporation, by reason of the negligence or carelessness of said board of trustees in the discharge of its official duties."

Having seen that the trustees are charged with the duty of keeping the township roads in repair, it seems clear to us by the last-quoted section that it is provided that they shall be liable in damabes for a failure to perform any such duty as is created and imposed by §3370 GC.

Examining further the sections of the statutes pertaining to the repair and maintenance of township roads we find that §3298-18, GC, makes provision for the levy and collection of township taxes for the purpose of creating an adequate fund for the maintenance and repair of township highways. We also find that it is provided in another section, that being §3375, GC, that township trustees shall cause unimproved public roads of the township to be dragged at the beginning of each fiscal half year, and that a sum shall be appropriated for that purpose and not be used for any other purpose .

From these sections of the Code it appeals to us that it was the intention of the Legislature of this state to provide a means whereby township roads might be repaired and maintained, and that the Legislature, to accomplish the contemplated end, imposed certain duties upon township trustees in reference thereto; and it was further provided that the traveling public had certain rights in the use of township roads, and that, in the event the trustees failed to perform the duties imposed upon them by statute, the trustees in their official capacity should be liable for injuries sustained by the public in the use of these roads when the same are not kept in proper repair and safe for travel.

Holding as we do, we conclude that the amended petition in this case states a cause of action, and that the demurrer interposed thereto should have been overruled. We have been unable to find any reported case in this state wherein an injured party

has attempted to recover in a suit as against the township trustees. We do find several recent cases where county commissioners have been sued. See the case of **Bales, Admr. v Bd. of Commrs. of Cuyahoga County, 30 Oh Ap, 249, 164 NE, 791,** and also the case of **Whitney v Niehaus, 4 Oh Ap, 208,** which have been helpful to us in arriving at our conclusion in this matter.

It therefore follows that the cause will be reversed and remanded to the trial court with instructions to overrule the demurrer, and for further proceedings according to law.

LEMERT and MONTGOMERY, JJ, concur.