**PARTLOW et v MONROE TOWNSHIP**

Ohio Appeals, 2nd Dist, Miami Co

Decided Nov 27, 1932

Paul T. Klapp, Troy, for plaintiff in error.
L. E. Harvey, Troy, for defendant in error.

## OPINION

By KUNKLE, J.

Sec 3244, GC, provides for the organization of a township as a body politic and corporate, which, as such, may sue and be sued. This section further provides that the trustees of the township shall hold all such property in trust for the township.

Sec 3395, GC, provides for the erection of township buildings.

It is urged by counsel for plaintiff in error that the defendant trustees were not exercising a governmental function, but that defendant trustees were attempting to secure revenue out of the said building, and that their acts should be characterized as ministerial rather than governmental.

Counsel for both plaintiff in error and defendant in error have favored the court with exhaustive briefs in which the pertinent decisions of our courts are cited and commented upon. We shall not attempt to discuss all these authorities in detail.

We are of opinion that the decision of our Supreme Court in the case of **Bell v City of Cincinnati,** 80 Oh St, 1, 88 NE 128, 23 L.R.A. (N.S.) 910, is decisive of this question. Our Supreme Court in the case of **Aldrich v City of Youngstown,** 106 Oh St

342, 140 NE 164, 27 A.L.R. 1497, in effect reannounces the principles decided in the Bell case and reverses several former de-. cisions of that court. Judge Wanamaker, in the Aldrich case, has a very vigorous dissenting opinion, but the majority of the court held otherwise and the law in Ohio upon this general subject, until again changed, is as announced in those decisions.

We cannot escape the conclusion that the reasoning found in these two decisions prevents a recovery by plaintiff in error. The first paragraph of the syllabus in Bell v City of Cincinnati, supra, is as follows:

"By paragraph twenty (20) of §1536-100, Revised Statutes (§7, Municipal Code), a municipal corporation is authorized to establish, maintain and regulate a workhouse therein; and by §1536-677, Revised Statutes (§141, Municipal Code), the directors of public service are invested with the management and control of such workhouse in behalf of the corporation, and in so managing and controlling said workhouse, the municipal corporation, through its directors of public service, acts in a governmental capacity, and not in a proprietary or business relation to the inmates or persons in its employ."

The first paragraph of the syllabus in Aldrich v City of Youngstown, supra, is as follows:

"The creation and maintenance of a police department by a municipality are done in the exercise of its governmental functions. The performance of an act by an official of such department is not the performance of a ministerial act for which a municipality becomes liable under the maxim respondeat superior."

It is claimed by counsel for defendant in error that the demurrer is also well taken because there is no averment in the petition to the effect that the trustees contracted to keep the premises in question in repair, and that in the absence of an express contract to that effect no recovery can be had for failing to keep the said premises in repair. It is averred in the petition that the defendant in error was in charge and control of the premises at all times, but we do not find any averment in the petition which would warrant the conclusion that the defendant trustees had expressly contracted to keep the premises in repair.

In the case of **Goodall v Deters, reported in 121 Oh St 432, 169 NE 443,** our Supreme Court has stated the rule governing transactions of this nature, as follows:

"The owner of real property may lease the same in whatever condition it exists at the time of the lease. If the owner does not agree with the lessee to put the property in good repair, or to keep it in good repair, the lessee cannot recover from the owner damages for an injury sustained by the lessee, due to the defective condition of the property."

In view of the reasoning of our Supreme Court, found in the above-cited cases, we cannot escape the conclusion that the demurrer was properly sustained.

The judgment of the lower court will be affirmed.

· Judgment affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.