**WASHINGTON TOWNSHIP v RAPP**

Ohio Appeals, 6th Dist, Lucas Co

No 2977.  Decided Dec 10, 1934

Frazier Reams, Prosecuting Attorney, Toledo, and Paul M. Alexander, Toledo, for plaintiff in error.

Manuel Zimmerman for defendant in error.

KLINGER, J, (3rd Dist)
sitting in place of RICHARDS, J, (6th Dist)

**OPINION**

By KLINGER, J.

The plaintiff can recover only under the facts pleaded under the doctrine of respondeat superior; and under the common law this doctrine was not available as against a political subdivision, such as the defendant in this action.

Dunn v Agricultural Society, 46 Oh St, 93;
38 Cyc., 640;
1 L.R.A., 754.

So that, if the plaintiff can recover from the township, it must be by virtue of §3298-17, GC. Since this statute is in derogation of the common law, it must be strictly construed.

Board of Commissioners. v Transfer & Storage Co., 75 Oh St, 244;
Ebert v Commissioners, 75 Oh St, 474;
Lexa v Commissioners, 123 Oh St, 510.

A township, or political subdivision such as the defendant in this case, is not liable in tort unless made so by statute. Dunn v Agricultural Society, 46 Oh St, 93, 96. Hence, under the pleadings and the law,

the plaintiff would be entitled to recover in this case unless the above quoted special finding defeats his right of recovery.

There is no provision under the common law or the statute making a political subdivision liable for injury or damages sustained because of the wilful misconduct of any of its officers or employes, a wilful act being one done intentionally, purposely, designedly. And, as stated before, §3298-17, GC, must be strictly construed and can not be interpreted to cover acts or conduct beyond those specifically designated in the statute.

For any injury sustained because of the wilful misconduct of the employe or driver of the truck, damages can not be recovered from the political subdivision, and the only relief that the party injured would have would be against the party, whether he be an officer or employe, inflicting the injury.

22 R.C.L., 163;

Archuleta v Mercantile Co., 40 A.L.R., 199;

Gause v Trustees, 41 Oh Ap, 192 (12 Abs 42);

Dunn v Agricultural Society, 46 Oh St, 93;

Lexa v Commissioners, 123 Oh St, 510.

The special finding was directed to an issue made by the pleadings and the answer of the jury excluded the other alleged grounds of liability pleaded in the petition, and being inconsistent with the general verdict, the trial court erred in overruling the motion of plaintiff in error for a judgment in its favor. The judgmnet of the Court of Common Pleas is therefore reversed and final judgment entered for plaintiff in error.

Reversed and final judgment.

OVERMYER and LLOYD, JJ, concur.