*Estate,* 129 N. Y. Misc., 845, 223 N. Y. Supp., 470; *In re Concklin's Estate,* 150 N. Y. Misc., 53, 268 N. Y. Supp., 348; *In re Suderov's Will,* 153 N. Y. Misc., 214, 274 N. Y. Supp., 621; *Howard, Trustee,* v. *Swift,* 356 Ill., 80, 190 N. E., 102; *Chicago Title & Trust Co.* v. *Fine Arts Bldg.,* 288 Ill., 142, 123 N. E., 300; *Bocock, Admr.,* v. *Leet,* 210 Ill. App., 402; *S. Milwaukee Co.* v. *Murphy,* 112 Wis., 614, 88 N. W., 583; *Terhune* v. *White, Exrx.,* 34 N. J. Eq., 98; *Dunn* v. *Sublett, Admr.,* 14 Tex., 521; *Franklin* v. *Parks,* 77 Okla., 280, 188 P., 334; 2 Words and Phrases (3 Series), 410.

Throughout the consideration of this case we have had in our minds the query as to whether the trial court should not have overruled the demurrer and entered a declaratory judgment, even though the effect of such judgment would have been a determination that plaintiffs could have no case for affirmative relief. We now think this would have been the preferable procedure, but we are unable to say that the court was in error in sustaining the general demurrer to plaintiffs' amended petition.

The judgment and finding of the trial court will be affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and GEIGER, J., concur.

DEAN, APPELLANT, *v.* BOARD OF TRUSTEES OF SOLDIERS & SAILORS MEMORIAL BLDG. ET AL., APPELLEES.

(Decided September 12, 1940.)

*Messrs. Yearick & Hughes,* for appellant.
*Messrs. Fitzgibbon, Black & Fitzgibbon* and *Mr. Kenneth Kreider,* prosecuting attorney, for appellees.

MONTGOMERY, J.   The plaintiff, Flora Dean, by her second amended petition filed in the Court of Common Pleas sought to recover damages from the defendants jointly, for injuries alleged to have been sustained by her when she entered into the building in question through a public entrance thereto, *viz.*, a certain storm door and vestibule, and then, within the vestibule, opened another door which had no sign upon it and plunged down a flight of stone steps to the basement of the building. The specifications of negligence alleged against the defendants may be stated generally as failure to light that part of the building or stairway, or to protect the same by guards or locks, or to designate the place to which the door opened.

The defendants demurred to the second amended petition. They raise no question about the propriety of the joinder of the defendants, or of their possible joint liability. They raise no question about the existence of a cause of action under the state of facts which we have here epitomized. They demurred solely upon the ground that the defendants were engaged in a governmental, as distinguished from a proprietary, function in the maintenance and operation of that building, and that is the sole question presented by counsel on both sides for our consideration, or of which our determination is asked.

The second amended petition recites that the Board

of Trustees of the Soldiers and Sailors Memorial Building of Newark township is charged with the maintenance, management and control of the building known as the Auditorium Theater and Memorial Building in the city of Newark, Ohio, and in that capacity is the agent of the other defendant, the Board of Trustees of Newark township, Licking county, Ohio. It is further averred that the trustees leased a large part of this building for use as a motion picture theater, receiving rent therefor, and also leased storerooms and office space in the building to private individuals, deriving a large revenue from such rentals.

The appointment of a board of trustees for the management of such building is authorized by Sections 3410-9a, 3410-10 and 3410-11, General Code. The concluding sentence in Section 3410-10, General Code, is: "The memorial trustees may permit the occupancy and use of the memorial building or any part thereof, upon such terms as they deem proper."

The question, therefore, is squarely presented for us to determine whether the functions performed are governmental or proprietary. Following the argument of Judge Lieghley in the case of *City of Cleveland* v. *Walker, Admx.*, 52 Ohio App., 477, 481, 3 N. E. (2d), 990, it may be stated that the change from a governmental to a proprietary function occurs when the operation of the property is commercial.

Probably the leading case in Ohio upon this proposition is that of the *City of Wooster* v. *Arbenz*, 116 Ohio St., 281, 156 N. E., 210, 52 A. L. R., 518, and we direct attention to certain portions of the opinion of Chief Justice Marshall, as the same appears on pages 284 and 285:

"The court is equally committed to the doctrine that if the function being exercised is proprietary and in pursuit of private and corporate duties, for the particular benefit of the corporation and its inhabitants, as distinguished from those things in which the whole

state has an interest, the city is liable. * * * If, on the other hand, there is no obligation on the part of the municipality to perform them, but it does in fact do so for the comfort and convenience of its citizens, for which the city is directly compensated by levying assessments upon property, or where it is indirectly benefited by growth and prosperity of the city and its inhabitants, and the city has an election whether to do or omit to do those acts, the function is private and proprietary.

"Another familiar test is whether the act is for the common good of all the people of the state, or whether it relates to special corporate benefit or profit."

Applying these tests to the facts alleged in the pleadings before us, we conclude that the functions here exercised certainly are proprietary and in pursuit of private and corporate duties and the whole state can have no interest therein. Here it is alleged that the defendants are directly compensated for the use of this building. Here it is in effect alleged that the operation is for the special corporate benefit and profit of the defendants. Here is a building maintained and operated on the public square of the city of Newark. In it there is a theater running in competition with other theaters in the city. Here are storerooms and offices leased for private purposes and in competition with private owners of property who lease similar storerooms and similar offices. The function of the defendants certainly is proprietary. We are unwilling to subscribe to the proposition that simply because the board of township trustees is a public body and the Board of Trustees of the Soldiers and Sailors Memorial Building is a body authorized by statute that they may engage in competition with private owners of property and not be held to a similar responsibility for the proper management of the property and for the protection of those lawfully having business therein.

The demurrants rely to a great extent upon the

holding of the Supreme Court in *Bell* v. *City of Cincinnati*, 80 Ohio St., 1, 88 N. E., 128, 23 L. R. A. (N. S.), 910, and the syllabus in that case would give some justification for their contention. However, a reading of the opinion discloses a decided difference in the facts, and, upon page 22, the court, commenting upon the facts, states that it can find no evidence in the record to the effect that the city was acting in a proprietary sense, and the court, further reciting the facts, comes to the conclusion that the city of Cincinnati was not engaged in a commercial enterprise for profit, since all the receipts were utilized to pay the cost of maintenance of the institution, which in that case was a workhouse maintained for the confinement of prisoners and, therefore, clearly a governmental function.

This *Bell case, supra,* is distinguished by the court from the earlier case of the *City of Toledo* v. *Cone,* 41 Ohio St., 149, but the decision in the *Cone case, supra,* was not overruled. The *Cone case* involved a city cemetery. Cone was injured while engaged in the cemetery in improving a vault owned by the city. The court stated in its opinion on pages 165 and 166:

"The city vault was used for public purposes, but it was also used by private persons for reward and hire, the money which they paid being accounted for by the trustees, as they accounted for the proceeds of cemetery lots by them sold for the city. The reimbursement of the corporation treasury and the emolument derived from the use of the vault, were for the special local benefit of the corporation, and the state at large had no interest therein. The doctrine seems to be well sustained that where a municipal corporation owns property, and for its own benefit derives pecuniary emolument or advantage therefrom in the same way a private owner might, it is liable to the same extent as he would be for the negligent management thereof to the injury of others."

The judgment of the trial court will be reversed and this cause will be remanded to that court for further proceedings.

*Judgment reversed and cause remanded.*

SHERICK, P. J., and LEMERT, J., concur.