John J. BURKE, Appellant,

v.

CITY OF ST. LOUIS, a Municipal Corporation, Respondent.

No. 48126.

Supreme Court of Missouri,

Division No. 2.

Oct. 9, 1961.

 

———◆———

Richard M. Stout, St. Louis, and Thomas P. Howe, Clayton, for appellant.

Thomas J. Neenan, City Counselor, Alvin J. McFarland, Associate City Counselor, St. Louis, for respondent, City of St. Louis.

BOHLING, Commissioner.

John J. Burke sued the City of St. Louis for $25,000 damages, claiming he, while an invitee, was caused to fall on the floor of the "Soldiers' Memorial" of said city by reason of defendant's negligence in permitting a slick and slippery substance to be and remain thereon. The city obtained leave to withdraw its answer "for the purpose of filing a motion to dismiss." Said motion alleged plaintiff's cause of action should be dismissed because from plaintiff's petition (quoting the city's motion) "plaintiff's cause of action, if any, arose out of his fall in the Soldiers' Memorial in the City of St. Louis, the operation, maintenance and control of which is a governmental function performed by The City of St. Louis for the general benefit, health and welfare of the citizens of St. Louis, and, under such circumstances, plaintiff is not entitled to any legal redress against defendant, while acting in its governmental capacity." Upon the motion being presented and submitted by all parties, the court sustained the same and dismissed plaintiff's cause of action with prejudice. The plaintiff has appealed from this judgment of dismissal. The case is for determination upon rehearing.

■ Municipalities in Missouri are not liable in tort for the negligent performance of their governmental functions as distinguished from their proprietary or corporate functions. Hiltner v. Kansas City, Mo., 293 S.W.2d 422 [3]. When it appears from the allegations in a petition that the defendant city was engaged in the performance of a governmental function the action is subject to dismissal for failure to state a claim. Hiltner v. Kansas City, supra, 293 S.W.2d 422 [3–5]; Gillen v. City of St. Louis, Mo., 345 S.W.2d 69, 73 [2]; Brown v. City of Craig, 350 Mo. 836, 168 S.W.2d 1080 [3, 4]. When the petition pleads facts to the effect that the injury occurred in the performance of some proprietary or corporate municipal function, in addition to stating a claim based on negligence, plaintiff's action is not to be dismissed. Dallas v. City of St. Louis, Mo., 338 S.W.2d 39, 41.

The city does not contend that plaintiff's petition, upon its face, fails "to state a claim upon which relief can be granted" under § 509.300 (see Civil Rule 55.33, V.A.M.R.). (Statutory references are to RSMo 1959, V.A.M.S., unless otherwise shown.)

The city states the court is bound to take judicial notice (State ex rel. Honig v. Hogan, 324 Mo. 1130, 27 S.W.2d 21 [1]) of § 184.250 (a part of Laws 1919, p. 79, §§ 1–3, now §§ 184.250, 184.260 and 184.270); and the parties have stipulated that a part of "Ordinance No. 32019" "may be included as evidence as though it were an actual part of the original transcript of the record." Briefly: Said Act of 1919 authorized the several counties of the state and cities not a part of a county to erect memorial buildings or other suitable testimonials in memory of the citizen soldiery of Missouri for the purposes therein specified; and appropriated State funds of not less than $250 nor more than $1,000 to match expenditures therefor by any such county or city. Said "Ordinance 32019," enacted in 1922, was an

$88,372,500 bond issue, proposition fourteen of which submitted to the voters a $6,000,-000 bond issue "for a public plaza to be known as 'Memorial Plaza,' and for the erection therein of a memorial building or monument in appreciation of the services rendered by the Citizen Soldiers of Missouri in the late World War, and for the purpose of preserving the records and perpetuating the memory of their heroic achievements and sacrifices * * *."

The city says that, with judicial notice taken of the mentioned statutes and the stipulated ordinance provisions, no evidence was or is needed to establish "the true nature of the Soldiers' Memorial Building" and that the trial and this court are "fully aware" that the operation, maintenance and control of the Soldiers' Memorial Building is a governmental function to which the doctrine of sovereign immunity applies. The city cites Cunningham v. City of St. Louis, 96 Mo. 53, 55, 8 S.W. 787, and Pearson v. Kansas City, 331 Mo. 885, 55 S.W. 2d 485, 487; but the ruling in each of said cases was made upon evidence introduced at the trial.

■ Roberts v. City of Lamar, Mo.App., 99 S.W.2d 498, 500, states: " 'The liability or non-liability of a municipality for its torts does not depend upon the nature of the tort or the relation existing between such municipality and the person injured, but upon the character of the duties imposed and assumed.' " See 63 C.J.S. Municipal Corporations § 747, p. 34; 38 Am. Jur. § 574, p. 267. The use made of a municipal building should determine the character of the function in which the city is acting. Clain v. City of Burlington, 2 Cir., 202 F.2d 532 [2]; Dean v. Board of Trustees of Soldiers and Sailors Memorial Bldg., 65 Ohio App. 362, 29 N.E.2d 910; Annotation, 47 A.L.R.2d 544; Brown v. City of Craig, 350 Mo. 836, 168 S.W.2d 1080 [3, 4]; McQuillin, Mun.Corp., §§ 53.31, 53.92.

Timson v. Manufacturers' Coal & Coke Co., 220 Mo. 580, 598, 119 S.W. 565, 569 [9], states: "Judicially noticing facts * * * is but a rule of evidence; and, if the question is a disputable one, or can be disputed, evidence so disputing it is competent and should be admitted." Scheufler v. Continental Life Ins. Co., 350 Mo. 886, 169 S.W.2d 359, 365 [13]; Pogue v. Smallen, Mo., 285 S.W.2d 915, 917 [4].

■ The city's motion does not fall within the ten specific "objections and other matters" that may be raised by motion, supported by affidavits, whether or not the same appear from the pleadings and other papers filed in the cause under § 509.290 (see Civil Rule 55.31) for several reasons: The immunity of a municipality from tort liability when acting in its sovereign or governmental capacity is not within the objections named. We have said that the objections authorized under § 509.290 are proper only to "dispose of an action groundless on the uncontroverted facts" (Metcalf v. American Surety Co. of N. Y., 360 Mo. 1043, 232 S.W.2d 526, 530 [4, 5]; Pogue v. Smallen, Mo., 285 S.W.2d 915, 917 [2]; McLaughlin v. Neiger, Mo.App., 286 S.W. 2d 380, 384 [6, 7]); and that said motions may not function to raise an issue involving a real controversy over a vital fact issue concerning the merits of a plaintiff's claim (Roberts v. Epicure Foods Co., Mo., 330 S.W.2d 837, 840 [2]). The city's motion, which does not prove itself (Locasio v. Ford Motor Co., 240 Mo.App. 269, 203 S.W.2d 518 [2]; Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69 [7]), together with the evidentiary statutory and ordinance provisions mentioned, do not conclusively establish that the city was acting in a governmental capacity.

The city's brief mentions only that portion of plaintiff's petition wherein plaintiff alleged, so far as material, that the city did "own, operate, maintain and control the Soldiers' Memorial * * *, and did, at all times herein mentioned, invite the general public into said Soldiers' Memorial to use the facilities therein." The quoted and other portions of plaintiff's petition do not specifically allege, either factually or as a

conclusion, that the city was not acting in a governmental capacity or was acting in a proprietary capacity in the maintenance of said Memorial; and we may not say as a matter of law from the face of the petition whether the city's maintenance of said Memorial was a governmental or a proprietary function.

We read in 38 Am.Jur. 372, Mun.Corp. § 665: "Since the liability of a municipality for its torts in the performance of corporate or private functions is the exception to the general rule of immunity for tort, it behooves the plaintiff who is seeking to impose liability for negligence contrary to the general rule to aver facts sufficient to manifest his right to do so." This text continues to the effect that plaintiff has the burden of specifically alleging facts showing that the municipality was not acting in a governmental capacity but in a proprietary capacity. See also 63 C.J.S. Municipal Corporations § 934, d, (3), p. 400.

■ There is no general liability on the part of Missouri municipalities for torts involving negligence. If a plaintiff's petition "shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief * * *" (§ 509.050; Civil Rule 55.06), then plaintiff in this action should specifically allege, and by his proof show, facts permitting of a finding that the city was, at the time, acting in a proprietary capacity. That the city was acting in a proprietary capacity is essential to plaintiff being entitled to relief, and the defense that it was acting in a governmental capacity should be available under a general denial. We find this statement in Graves v. City of Bolivar, D.C. W.D.Mo., 154 F.Supp. 625, 626 [2]: "This

immunity from tort liability must be applied inasmuch as there is no allegation that the City of Bolivar was not acting in its sovereign or governmental capacity." See Savage v. Town of Lander, 77 Wyo. 157, 309 P.2d 152, 154 [4–8]; Rowley v. Cedar Rapids, 203 Iowa 1245, 212 N.W. 158, 53 A.L.R. 375, 378; City of Bellevue v. Hall, 295 Ky. 57, 174 S.W.2d 24, 27 [3–5]; City of Tuscaloosa v. Fitts, 209 Ala. 635, 96 So. 771, 772 [3–5]; Huffman v. City of Columbus, Ohio App., 51 N.E.2d 410, 413 [9]; City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872, 879 [15], among others.

■ Plaintiff's petition should not have been dismissed with prejudice upon the motion filed by the city. The record before us discloses no motion to make plaintiff's petition more definite and certain or to strike any portion thereof (§§ 509.310, 509.320; Civil Rules 55.34, 55.35). It also does not appear that at any time plaintiff either asked or was given an opportunity to amend his petition (§ 509.490; Civil Rule 55.53). In these circumstances, we conclude that the judgment should be reversed and the cause remanded that plaintiff be afforded an opportunity to amend his petition if he so desires and for such further proceedings as may be proper.

It is so ordered.

BARRETT, C., concurs in result.

STOCKARD, C., concurs.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.