FORBIS, APPELLANT, *v.* SPRINGFIELD TOWNSHIP TRUSTEES, APPELLEES.

250.

(No. L-76-296—Decided March 25, 1978.)

*Mr. Robert J. Potter*, for appellant.
*Mr. Stephen E. Klein*, for appellees.

BROWN, J. Plaintiff-appellant, April E. Forbis, appeals from a dismissal of her personal injury action against the Springfield Township Trustees, defendants-appellees, for injuries sustained from a glass door which shattered on the premises of the Springfield Township Hall. The plaintiff's complaint alleged that defendants were negligent.

The action was dismissed by the trial court on the basis of the defendants' motion to dismiss, asserting that the complaint failed to state a claim for relief which would entitle plaintiff to recover. The dismissal was granted upon the doctrine of governmental immunity of the township trustees.

The plaintiff's sole claim of error raises the following legal issue: are the allegations of the complaint in this case sufficient to state a good claim for relief that a board of township trustees is liable for its negligence in maintaining township property, which negligence proximately causes injury to a person, in view of the sovereign immunity doctrine with which the township trustees are clothed? Under the broad allegations of the complaint in this case, the answer is "yes." We reverse.

Plaintiff contends that liability of township trustees for their negligence causing personal injuries is created by R. C. 5571.10, which provides:

"Each board of township trustees shall be liable, in its official capacity, for damages received by any person, firm, or corporation, by reason of the negligence or carelessness of such board in the discharge of its official duties."

However, R. C. 5571.10 is one of many statutes in Chapter 5571, entitled "Board of Township Trustees," and is concerned solely with the duties and functions of township trustees related to highways, roads and bridges.

The legislative intent of R. C. 5571.10 is to impose liability upon trustees arising out of their negligence solely with regard to the performance of their official duties regarding roads and bridges as prescribed in R. C. Chapter 5571, and not to impose liability upon township trustees for negligence generally. Statutes which grant the privilege of suing the state or its political subdivisions are in derogation of the common law and must, therefore, be strictly construed and not enlarged unless that purpose and intent is unequivocally indicated by such statutes. *Washington Township* v. *Rapp* (1934), 50 Ohio App. 1; *Ray* v. *Bd. of Trustees of Trenton Township* (1934), 49 Ohio App. 172, 174. See *Dunn* v. *Agricultural Society* (1888), 46 Ohio St. 93, 96-97; 1961 Ohio Atty. Gen. Ops. 540, No. 2482; 1957 Ohio Atty. Gen. Ops. 41, No. 179; 1950 Ohio Atty. Gen. Ops. 730, No. 2498; 52 Ohio Jurisprudence 2d 327, Townships, Section 81; *cf. State, ex rel. Attorney General,* v. *Cincinnati* (1870), 20 Ohio St. 18.

Plaintiffs further contend that the complaint states a valid claim for relief by relying primarily upon the holding in *Dean* v. *Bd. of Trustees* (1940), 65 Ohio App. 362. *Dean, supra,* in essence stands for the proposition that when township trustees lease, in part, a township memorial building for commercial purposes, they are acting in a proprietary and not in a governmental capacity and, as a consequence, the trustees are liable in damages to one injured by the negligent maintenance or operation of that

part of the building leased for commercial purposes.

Civ. R. 8(A) requires only that a pleading set forth a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief to which the pleader deems himself entitled. The commercial nature or proprietary capacity of the defendant-trustees' venture in a township building when and where plaintiff was injured need not be alleged.

Upon the allegations of the complaint in this case, the plaintiff could prove a set of facts showing that township trustees would be liable when acting in a proprietary capacity. *Dean* v. *Bd. of Trustees, supra.*

We reject the view expressed opposite to the *Dean* case, *supra,* in *Partlow & Gates* v. *Monroe Township* (1932), 44 Ohio App. 447. In the *Monroe Township* case, the claimed theory of liability was not negligence, but breach of a contract to repair by the lessors-trustees, causing damage to personal property of the plaintiff.

Therefore, the error claimed by plaintiff is well taken. The judgment of the Court of Common Pleas of Lucas County is reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

POTTER, P. J. and CONNORS, J., concur.