ROYCE ET AL., APPELLANTS, *v.* SMITH, APPELLANT; JACKSON TOWNSHIP TRUSTEES ET AL., APPELLEES.

(Nos. 81-36 and 81-56—Decided December 9, 1981.)

*Messrs. Black, McCuskey, Souers & Arbaugh, Mr. Randolph L. Snow* and *Mr. Gust Callas,* for plaintiff-appellants.

*Messrs. Day, Ketterer, Raley, Wright & Rybolt, Mr. Louis A. Boettler* and *Mr. Dennis M. Pilawa,* for defendant-appellant.

*Mr. James R. Unger,* prosecuting attorney, *Mr. Loren E. Souers, Jr., Mr. Neal L. Fitzgerald* and *Mr. Stephen T. Yost,* for appellees.

SWEENEY, J. The question presented in the instant appeal is whether a complaint and a cross-claim seeking to impose liability on the township trustees and county engineer for their alleged negligence in failing to maintain the stop sign controlling the intersection where appellants' vehicles collided state claims for which relief can be granted.

The standard for dismissal pursuant to Civ. R. 12(B)(6) is set forth in the syllabus of *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, which states:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12[B][6] ), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover. (*Conley* v. *Gibson,* 355 U. S. 41, followed.)"

We must assess appellants' claims with reference to the *O'Brien* standard, assuming, as we must for purposes of Civ. R. 12(B)(6), the truth of the allegations contained in the complaint and cross-claim.

I.

The starting point for analyzing claims asserted against township trustees acting in their official capacity is R. C. 5571.10, which states in relevant part:

"(A) * * * each board of township trustees shall be liable, in its official capacity, for damages received by any person, firm, or corporation, by reason of the negligence or carelessness of such board in the discharge of its official duties."

By the terms of R. C. 5571.10 township trustees are not liable for negligence generally; the negligent act complained of must arise from the breach of "official duties."

Appellants contend that among the various official duties of township trustees is the duty to maintain traffic control

devices pursuant to R. C. 4511.11. R. C. 4511.11(A) states in relevant part:

"Local authorities in their respective jurisdictions shall place and maintain traffic control devices in accordance with the department of transportation manual and specifications for a uniform system of traffic control devices, * * * upon highways under their jurisdiction as are necessary * * * to regulate, warn, or guide traffic."

Township trustees are "local authorities" for purposes of R. C. Chapter 4511.[1] Appellants submit that the applicable standard of care to determine whether the trustees have fulfilled their obligations under R. C. 4511.11 or have been negligent with respect thereto is established by the Department of Transportation manual, which is incorporated into the statute by express reference. Several provisions in the manual are relevant to the instant cause. Section 2F provides in pertinent part: "Special care should be taken to see that weeds * * * [and] shrubbery * * * are not allowed to obscure the face of any sign." Section 2E-1 speaks of positioning signs for maximum visibility,[2] while Section 2N-17 recommends the use of a "Stop Ahead" sign if the visibility of a stop sign is restricted by, *inter alia,* "foliage."[3] If, as appellants argue, R. C. 4511.11 imposes official duties, specifically the aforestated duties described in the manual, then the breach of these duties would give rise to liability pursuant to R. C. 5571.10.

Appellees-township trustees, for their part, contend that

---

[1] R. C. 4511.01(AA) provides:

" 'Local Authorities' means every county, municipal and other local board or body having authority to adopt police regulations under the constitution and laws of this state."

[2] Section 2E-1 provides in relevant part:

"* * * signs must in all cases be placed in the most advantageous positions * * *

"* * * *

"Signs should be located so that they do not obscure each other or are hidden from view by other roadside objects."

[3] Section 2N-17 provides in relevant part:

"The Stop Ahead sign is intended for use in advance of a Stop sign (R-1) *that is not visible for a sufficient distance to permit the driver to bring his vehicle to a stop at the Stop sign.* Obstruction of view due to * * * *foliage,* * * * should be considered in determining the need for the erection of this sign." (Emphasis added.)

"the 'official duties' referred to in O.R.C. Section 5571.10 are limited to duties imposed under Chapter 5571 of the Ohio Revised Code * * * ." The trustees rely on *Forbis* v. *Springfield Township Trustees* (1978), 56 Ohio App. 2d 249, to support their position. *Forbis* dealt with a plaintiff who was injured when a glass door in the township hall shattered. The court in *Forbis reversed* the trial court's dismissal pursuant to Civ. R. 12(B)(6) on grounds other than the scope of the waiver of immunity under R. C. 5571.10; the R. C. 5571.10 discussion in *Forbis* was unnecessary to the result. Moreover, it is significant that the General Assembly included the broad phrase "official duties" in R. C. 5571.10 instead of language that would expressly limit the waiver of immunity to duties imposed by R. C. Chapter 5571.

The language of R. C. 5571.10 may be compared to that of R. C. 305.12, which waives the immunity of county commissioners only and specifically with respect to keeping roads and bridges in proper repair, to support the conclusion that the General Assembly intended to impose liability on township trustees for breaches of official duties notwithstanding whether the duties arose under R. C. Chapter 5571.

This is not to say, however, that the scope of liability of township trustees pursuant to R. C. 5571.10 is as broad as that imposed on municipalities under R. C. 723.01. R. C. 723.01 requires municipal authorities not only to keep roads "in repair" but also to keep them "free from nuisance." In *Fankhauser* v. *Mansfield* (1969), 19 Ohio St. 2d 102, this court held that:

"A petition, alleging that a municipality failed to repair an electric traffic signal after receiving reasonable notice that the signal was not functioning properly and that the malfunction caused a dangerous condition which caused the automobile accident resulting in plaintiff's injuries, states a cause of action against the municipality for maintaining a nuisance in violation of Section 723.01, Revised Code. * * * "

Thus, *Fankhauser* turned on the catchall "free from nuisance" language of R. C. 723.01, which language is conspicuously absent from R. C. 5571.10.

In sum, the scope of liability of township trustees under R. C. 5571.10 is broader than that imposed on county commissioners pursuant to R. C. 305.12 while narrower than the

scope of liability imposed on municipal authorities per R. C. 723.01.[4]

In its memorandum upon reconsideration the Court of Appeals found that the township trustees had no official duty to maintain the stop sign controlling the intersection of Strausser and Arlington roads. The court interpreted R. C. 4511.11, as read through R. C. 4511.65, to impose no liability on the township trustees. The court stated: "Our analysis is and was that R. C. 4511.65 places the duty to erect and maintain stop signs at intersections of through county roads and highways upon the county, not the township, * * * ."[5] Nevertheless, R. C. 4511.65 speaks only of erecting stop signs; maintaining stop signs is nowhere mentioned in the section. Thus, even if the Court of Appeals correctly ascribed responsibility to the county for initially placing the stop sign at issue herein, the duty to maintain said stop sign would still fall on the township trustees pursuant to R. C. 4511.11, a point noted by Judge Rutherford in his dissent.

In its original opinion the appellate court below also found support for its decision in R. C. 5543.14, which states in relevant part:

"With the consent of the abutting landowner, the county engineer shall have control of all trees and shrubs in the county roads of his county and the board of township trustees

---

[4] In its memorandum upon reconsideration the Court of Appeals cited *Western Pa. Natl. Bank* v. *Ross* (C.A. 6, 1965), 345 F. 2d 525, in which county commissioners were held not liable under R. C. 305.12 for injuries sustained when tree limbs obscured a stop sign. *Western Pa.* is inapposite by reason of the limited scope of liability imposed by R. C. 305.12 as compared to R. C. 5571.10.

The county commissioners' limited scope of liability was duly noted in *Western Pa.* It was for this proposition that the *Western Pa.* case was cited approvingly by this court in *Ditmyer* v. *Bd. of County Commrs.* (1980), 64 Ohio St. 2d 146.

[5] R. C. 4511.65(D) provides:

"Local authorities with reference to highways under their jurisdiction may designate additional through highways and shall erect stop signs, yield signs, or traffic control signals at all streets and highways intersecting such through highways, or may designate any intersection as a stop or yield intersection and shall erect like signs at one or more entrances to such intersection."

Plaintiffs-appellants Royce observe that "[n]owhere in the record does it appear that Strausser Road was a properly designated through highway" (emphasis *sic*), thereby calling into question the propriety of the Court of Appeals' invocation of R. C. 4511.65 in the context of a dismissal pursuant to Civ. R. 12(B)(6).

shall have control of all trees and shrubs in the township roads of its township.* * * ''

The court seized upon the consent provision and stated that "[t]here is no allegation * * * that the abutting owner gave such consent * * * ."[6] We reject this approach to R. C. 5543.14, choosing instead to adopt the position expressed by the dissent: "whether or not there was an attempt to obtain consent of the landowner is a matter within the knowledge of the Township Trustees and a matter constituting an affirmative defense, which need not be alleged in the complaint."

Moreover, if by the mere failure to seek the consent of an abutting landowner to maintain foliage, township and county officials can insulate themselves from liability, then the intent of the General Assembly is effectively thwarted. The consent provision of R. C. 5543.14 cannot be construed to be an escape valve when the clear import of the statute is to apportion the respective responsibilities of boards of township trustees and county engineers in regard to maintaining trees and shrubs. Cf. *Starcher* v. *Logsdon* (1981), 66 Ohio St. 2d 57.

Defendant-appellant Smith argues that the township trustees breached their official duties not only with respect to R. C. 4511.11 but also with respect to the duties imposed by R. C. 5571.02. R. C. 5571.02 states in relevant part:

"The board of township trustees shall have control of the township roads of its township and shall keep them in good repair." Smith contends that "[b]ecause of the tremendous risks of faulty traffic control devices to the unwary traveler, the duty to repair and maintain roads must include the duty to repair and maintain traffic signs."

This proposition is at variance with the rule expressed in *Ditmyer* v. *Bd. of County Commrs.* (1980), 64 Ohio St. 2d 146. *Ditmyer,* which disallowed claims alleging negligence on the part of the county commissioners for failure to remove snow from the roadway, construed R. C. 305.12 as imposing liability only for negligence in connection with the repair of the actual

---

[6] The Court of Appeals also cited *Ohio Bell Telephone Co.* v. *Watson Co.* (1925), 112 Ohio St. 385, which considered the rights of landowners whose property abutted county highways. We agree with Judge Rutherford that "the law applicable to private utilities, as set forth in *Ohio Bell* * * * is to be distinguished from the law applicable to the instant case."

"road bed." *Ditmyer,* therefore, is controlling precedent to support the trustees' assertion that "O.R.C. Section 5571.02, which requires that a board of township trustees keep its roads in 'good repair' does not create liability for failure to trim trees which obstruct the visibility of a stop sign along a township road, because the trimming of trees which might obscure signs is not an element of repair of the roads but rather an element of traffic control." Nevertheless, the inability of appellants to state a claim for a breach of official duties in violation of R. C. 5571.02 does not preclude their going forward with their case against the board of township trustees under the previously discussed R. C. 4511.11 theory of liability.

## II.

R. C. 315.07 authorizes an action on the county engineer's bond. The section provides:

"Any person injured by the misconduct or neglect of the county engineer or his deputy may bring an action on the official bond of such engineer or deputy and recover judgment for any loss or damage sustained by reason of such misconduct or neglect."

A county engineer is liable for his misconduct or neglect in the performance of his duties. The question for purposes of the instant cause is whether the county engineer had any duty to maintain the stop sign located on the township road side of the intersection where appellants' vehicles collided.

The Court of Appeals, after finding the county responsible for the stop sign in issue dismissed the case against the county engineer on the basis of the previously discussed consent provision of R. C. 5543.14. As we read R. C. 5543.14, however, the county engineer bears no responsibility for maintaining trees and shrubs on township roads, irrespective of the consent language of the statute. Thus, we agree but for different reasons, with the court below that the engineer is not liable on his bond for a violation of duties imposed by R. C. 5543.14.

R. C. 4511.11, the basis for our reversal of the Court of Appeals decision which affirmed the dismissal of the board of township trustees pursuant to Civ. R. 12(B)(6), is inapplicable to the county engineer. R. C. 4511.01(AA) defines "local authorities" for purposes of R. C. Chapter 4511 as follows:

" 'Local Authorities' means every county, municipal and

other local board or body having authority to adopt police regulations under the constitution and laws of this state."

The county engineer argues that because he "has no power to establish police regulations * * * [, he] is not a 'local authority' within the meaning of Section 4511.11." We agree. Appellants' claims against the county engineer, to the extent they are predicated on a breach of R. C. 4511.11, state no cause of action upon which relief can be granted.[7]

For reasons hereinbefore discussed, however, we hold that a complaint and a cross-claim seeking to impose liability on the township trustees for their alleged negligence in failing to maintain a stop sign located on a township road state claims upon which relief can be granted.

The judgment of the Court of Appeals is reversed insofar as it upheld the dismissal of the township trustees. The judgment is affirmed as to the dismissal of the county engineer.

*Judgment affirmed in part*
*and reversed in part.*

CELEBREZZE, C. J., W. BROWN and C. BROWN, JJ., concur.

LOCHER, HOLMES and KRUPANSKY, JJ., dissent in part.

HOLMES, J., dissenting in part. I must dissent from the majority, not that I disagree that relief should be provided in these types of damage claims, but must do so in that the General Assembly of this state has not seen fit to so provide a remedy.

It has been restated many times in brief and opinion that governmental subdivisions in this state are not subject to suit except where the General Assembly has specifically waived the governmental immunity of that subdivision. *Raudabaugh* v. *State* (1917), 96 Ohio St. 513. In the passage of R. C. Chapter 2743, the Court of Claims Act, the General Assembly specifically exempted political subdivisions, including townships, from the state's limited waiver of sovereign immunity. This court, in *Haas* v. *Akron* (1977), 51 Ohio St. 2d

---

[7] The county engineer also argues that he serves the board of township trustees primarily in an advisory capacity pursuant to R. C. 5543.01 and 5571.05. Inasmuch as appellants have not sought to impose liability on the county engineer for breaching any duties arising under R. C. 5543.01 or 5571.05, we find it unnecessary to address these issues at this time.

135, held that the state has not waived the sovereign immunity of the various governmental subdivisions as enumerated in R. C. 2743.01(B).

On a number of occasions this court has held that statutes waiving the state's sovereign immunity are in derogation of the common law and must therefore be strictly construed. *Weiher* v. *Phillips* (1921), 103 Ohio St. 249; *Schaffer* v. *Bd. of Trustees* (1960), 171 Ohio St. 228; *Ditmyer* v. *Bd. of County Commrs.* (1980), 64 Ohio St. 2d 146.

In my view, R. C. 5571.02, which provides that township trustees shall keep township roads in good repair, does not create liability on the trustees for failure to trim trees and brush which obstruct visibility of traffic signs on the township roads. This section provides for the duties of the townships with respect to their roads but does not include the mandated duties in reference to traffic signs or signals.

It is true, as argued by the plaintiffs, that this court, in *Fankhauser* v. *Mansfield* (1969), 19 Ohio St. 2d 102, did hold that pursuant to R. C. 723.01, municipalities had the duty to keep their streets "free from nuisance," and that such included the duty to maintain traffic control devices. However, as stated, R. C. 5571.02, setting forth the duties of the townships, contains no such provisions relating to the abatement of nuisance.

The duties and liabilities of townships related to the maintenance of township roadways contained in R. C. 5571.02 are, in essence, the same as the duties and liabilities of counties to maintain county roadways in R. C. 305.12. Relating to the latter, this court has recently pointed out the distinction between the liability of municipalities under R. C. 723.01, and counties under R. C. 305.12, in *Ditmyer* v. *Bd. of County Commrs., supra.* Justice Locher, in the opinion at page 150, stated:

"The failure of the General Assembly to use the phrase 'free from nuisance' or other such terminology in R. C. 305.12 clearly indicates its intention not to impose liability in matters unrelated to actual road repair activities. See *Milner* v. *County Commrs.* (1913), 14 N.P. (N.S.) 141, and *Day* v. *Manrod* [ (1942), 29 O.O. 298], *supra.* Therefore, the county commissioners are not liable in their official capacity for matters that

are considered a nuisance, but are only liable for their failure to keep the roadbed and the bridges in proper repair."

Further, this court stated, at page 149, in *Ditmyer,* that: "* * * liability will not be imposed under the purview of R. C. 305.12, when the obstructions or interferences are unrelated to the conditions of the roadbed. * * *"

Would not this commentary be equally applicable to trees or brush under R. C. 5571.02? I must conclude that it would.

Additionally, in *Ditmyer,* this court cited with approval the case of *Western Pa. Natl. Bank* v. *Ross* (C.A.6, 1965), 345 F. 2d 525, where that court held in effect that an allegation that the defendant county was negligent in permitting a stop sign to be obscured by tree limbs does not bring the action within the provisions of R. C. 305.12, imposing liability upon a county for damages received as a result of its not keeping a road in proper repair.

In so holding, that court stated, at page 526:

"In Ohio, a county is not regarded as a body corporate like a municipality, but rather as a political subdivision of the state. It enjoys the same immunity from suit as the state. It may not be sued except as permitted by statute. Statutes creating liability of counties are strictly construed since they are in derogation of common law. The liability of counties will not be extended beyond the clear import of the statute. *Schaffer* v. *Board of Trustees,* 171 Ohio St. 228, 168 N.E. 2d 547 (1960); *Commissioners of Hamilton County* v. *Mighels,* 7 Ohio St. 110 (1857); *Dunn* v. *Brammer,* 102 Ohio App. 89, 141 N.E. 2d 193 (1956); 14 Ohio Jur. 2d 'Counties,' §§ 239, 271 (1955).

"The statute on which Appellants rely provides in material part:

" ' * * * The board shall be liable, in its official capacity, for damages received by reason of its negligence or carelessness in not keeping any such road or bridge *in proper repair* * * *.' (Italics ours.) Ohio Rev. Code §305.12.

"It is plain to us that the negligence charged by the Appellants against the County Commissioners does not relate to keeping the road in repair."

It would appear that reasonably construing what this court has previously pronounced relative to the duties and liabilities of counties in maintaining traffic control devices,

townships, on the same basic reasoning, would not be liable under R. C. 5571.02 for not keeping brush and trees cleared from around traffic control signs.

As to the liability of township trustees for a breach of their "official duties" as set forth in R. C. 5571.10, I conclude that such section does not apply to the duties imposed upon townships to comply with R. C. 4511.11 relative to Department of Transportation manual and specifications for a uniform system of traffic control devices. The "official duties" referred to in R. C. 5571.10 more reasonably are applicable to the duties of townships to keep the township roads and bridges in good repair. Applying the strict standard of construction of statutes which are in derogation of governmental immunity, R. C. 4511.11 may not be interpreted to waive such immunity and impose direct liability upon the trustees, for not complying with the Department of Transportation manual and specifications. This section of law provides for the uniformity of the various traffic control devices used by the various subdivisions of the state, and is not intended to provide a waiver of immunity and establish a right of action sounding in tort for damages arising out of failure to maintain such traffic control devices.

Based on the above, I would affirm the judgment of the Court of Appeals as such relates to the Jackson Township trustees. However, I concur with the majority herein and would affirm the Court of Appeals as to the dismissal of the Stark County Engineer.

LOCHER and KRUPANSKY, JJ., concur in the foregoing dissenting opinion.