MOZENA, ADMX., APPELLANT, *v.*
CONSOLIDATED RAIL CORPORATION;
VERMILION BOARD OF TOWNSHIP
TRUSTEES, APPELLEE, ET AL▮

(No. 4356 — Decided
October 19, 1988.)

*Robert J. Fogarty* and *Steven A. Goldfarb,* for appellant.
*William C. Ailes,* for appellee.
*Forrest A. Norman* and *Thomas E. Dover,* for Consolidated Rail Corp.

MAHONEY, P. J. Appellant, Terry L. Mozena, administratrix of the estate of James E. Mozena, appeals from the judgment of the Lorain County Court of Common Pleas granting a summary judgment motion in favor of appellee, Vermilion Board of Township Trustees ("board"). We reverse and remand.

## Facts

On June 19, 1985, James E. Mozena was killed at a railroad crossing when his van collided with a train owned by Consolidated Rail Corporation ("Conrail"). The railroad crossing is located on Coen Road in Vermilion Township. The railroad crossing consists of two sets of parallel railroad tracks running east and west which transverse Coen Road, which runs north and south. Mozena was travelling north on Coen Road. The Conrail train was travelling west on the southernmost set of railroad tracks. As the train approached the crossing, Mozena's van did not stop until it was just on the southern set of tracks. The train's engineer state that it appeared Mozena was trying to back up immediately before the collision. After the collision, the gear shift on Mozena's van was in reverse.

Mozena's estate sued both Conrail and the board. The trial court granted summary judgment in favor of the board. This cause is before the court pursuant to Civ. R. 54(B).

## Assignment of Error

"The trial court erred by granting summary judgment against appellant where genuine issues of material fact exist and when viewing all of the evidence most favorably to appellant, appellee is not entitled to judgment as a matter of law."

In *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274, our Supreme Court set out a three-part test of Civ. R. 56(C) for the granting of summary judgment:

"Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears

from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.''

Mozena's estate asserts that the board violated its official duties under R.C. 4511.11 and 4511.61. If in fact the board breached its official duties, then the board may be liable pursuant to R.C. 5571.10.[1] See *Royce* v. *Smith* (1981), 68 Ohio St. 2d 106, 22 O.O. 3d 332, 429 N.E. 2d 134.

R.C. 4511.61 provides in part that:

"The department of transportation and local authorities in their respective jurisdictions, with the approval of the department, may designate dangerous highway crossings over railroad tracks whether on state, county, or township highways or on streets or ways within municipal corporations, and erect stop signs thereat. * * *''

Previous to the collision, the board had erected a stop sign at the Coen Road railroad crossing. However, since the board did not comply with R.C. 4511.61, in that the board did not obtain prior approval from the department of transportation, the board was required to take down the stop sign.

Mozena's estate agrees that the board had no duty pursuant to R.C. 4511.61 *ab initio* to erect a stop sign at the Coen Road railroad crossing. However, Mozena's estate argues that once the board had decided to erect a stop sign at the Coen Road crossing, it had an official duty to do so in compliance with R.C. 4511.61. This argument is not well-taken.

The plain fact is that at the time of the collision there was not a stop sign at the Coen Road railroad crossing and the board had no statutory duty to provide one. Anything that had transpired prior to the collision with respect to stop signs is not relevant to this case. Accordingly, we find the board did not violate any duty owed to Mozena pursuant to R.C. 4511.61.

Mozena's estate further asserts that the board breached its duty to Mozena pursuant to R.C. 4511.11(A). R.C. 4511.11(A) provides:

"Local authorities in their respective jurisdictions shall place and maintain traffic control devices in accordance with the department of transportation manual and specifications for a uniform system of traffic control devices, adopted under section 4511.09 of the Revised Code upon highways under their jurisdiction as are necessary to indicate and to carry out sections 4511.01 to 4511.76 and 4511.99 of the Revised Code, local traffic ordinances, or to regulate, warn, or guide traffic.''

Mozena's estate argues that the board did not have pavement markings at the Coen Road railroad crossing as required by Section 3B-33 of the Ohio Manual of Uniform Traffic Control Devices for Streets and Highways (1979) (''Manual''). Section 3B-33 provides in part:

"Pavement markings in advance of a railroad crossing shall consist of an X, the letters RR, a no passing marking and certain transverse lines. These markings, if physically feasible, shall be placed at all grade crossings where railroad highway grade crossing signals or automatic gates are operating, and at all other crossings where the prevailing speed of highway traffic is 40 MPH or greater.''

Whether the board had a duty to

---

[1] Currently, R.C. Chapter 2744 applies to actions against a township board of trustees. However, since this claim arose before November 20, 1985, R.C. 5571.10 applies even though it has been repealed. See R.C. 2744.02.

have pavement markings at the Coen Road railroad crossing turns upon whether the prevailing speed of highway traffic at the Coen Road crossing is forty m.p.h. or greater and whether the pavement markings were physically feasible. The record is factually inconclusive as to the prevailing speed at the Coen Road crossing. The speed limit is fifty-five m.p.h. Other than the railroad crossing, that part of Coen Road is relatively free from hazards.

However, the board argues that the Coen Road railroad crossing is a dangerous crossing and no motorist using reasonable prudence would cross the Coen Road railroad crossing at a speed of forty m.p.h. or greater. Mozena's estate argues that the prevailing speed means the speed at which traffic travels on that part of Coen Road preceding the railroad crossing. The Manual does not define what is meant by "prevailing speed." We find that the most reasonable interpretation of Section 3B-33 is the one offered by Mozena's estate. However, this interpretation does not resolve the issue since it cannot be determined from the proceedings below whether the prevailing speed was *actually* forty m.p.h. or greater.

Furthermore, the board argues that Mozena's estate failed to offer any evidence as to the physical feasibility of the pavement markings. However, the depositions and the board's own brief describe Coen Road as a relatively straight blacktop road without significant defects. Thus, whether the pavement markings were feasible remains a factual dispute.

Accordingly, we find that the question of whether the board violated its duty to have pavement markings at the Coen Road railroad crossing depends upon the unresolved factual determinations as to the prevailing speed of traffic at the Coen Road railroad cross-

ing and as to the physical feasibility of the pavement markings.

Furthermore, we find that, if it is determined that the prevailing speed of traffic at the Coen Road railroad crossing is forty m.p.h. or greater and the pavement markings were physically feasible, a question of material fact remains as to whether the board's breach of its official duty was a proximate cause of the collision.

### Summary

Mozena's estate's assignment of error is sustained and the judgment of the trial court granting summary judgment to the board is reversed and this cause is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

QUILLIN and GEORGE, JJ., concur.