RUWE ET AL., APPELLEES, *v.* BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY ET AL., APPELLANTS.

[Cite as Ruwe *v.* Bd. of Cty. Commrs. of Hamilton Cty. (1986), 21 Ohio St. 3d 80.]

(No. 85-210—Decided January 15, 1986.)

*Condit, Dressing & Ruwe Co., L.P.A., John W. Dressing* and *Thomas J. Ruwe,* for appellee Barbara A. Ruwe.

*Perry L. Ancona,* for appellee David Pinkelton.

*John L. Heilbrun,* for appellee Lawrence A. Pinkelton.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Brian E. Hurley,* for appellants.

*Per Curiam.* The narrow issue before us is whether summary judgment was properly granted for the Board of County Commissioners of Hamilton County ("the commissioners") and for Donald Schramm, Hamilton County Engineer. We conclude summary judgment was properly granted for the reasons that follow.

We noted in the recent case of *Heckert* v. *Patrick* (1984), 15 Ohio St. 3d 402, that to ascertain a county's liability in tort both common-law and statutory duties must be addressed. Statutory liability for the board of

county commissioners is set forth in R.C. 305.12 which states, in pertinent part:

"* * * The board shall be liable, in its official capacity, for damages received by reason of its negligence or carelessness in not keeping any such road or bridge in proper repair, and shall demand and receive, by suit or otherwise, any real estate or interest therein, legal or equitable, belonging to the county, or any money or other property due the county. * * *"

This court reiterated in *Heckert* that R.C. 305.12 relates only to those matters "concerning either the deterioration or disassembly of county roads and bridges." *Id.* at 406. Similarly, for the purposes of R.C. 305.12, "obstructions or interferences are unrelated to the conditions of the roadway." *Heckert* at 407. A muffler exhaust system left by parties unknown on a roadway is therefore outside the purview of a statutorily created duty with respect to the commissioners.

With respect to the duties of the county engineer, R.C. 315.08 states, in pertinent part:

"The county engineer shall perform for the county all duties authorized or declared by law to be done by a registered professional engineer or registered surveyor. He shall prepare all plans, specifications, details, estimates of cost, and submit forms of contracts for the construction, maintenance, and repair of all bridges, culverts, roads, drains, ditches, roads on county fairgrounds, and other public improvements, except buildings, constructed under the authority of any board within and for the county."

The statute neither suggests nor implies that the county engineer has any duty relevant to the instant cause. Therefore, we reject appellees' argument that a statutory duty exists on the part of the county engineer to rectify "obstructions or interferences" unrelated to the physical integrity of the road.

Our second concern is whether a duty exists under the common law that would provide a source for appellants' liability. A majority of this court indicated in *Zents v. Bd. of Commrs.* (1984), 9 Ohio St. 3d 204, syllabus, that "* * * once the decision has been made [by a county] to engage in a certain activity or function, a county will be held liable, the same as private corporations and persons, for the negligence of its employees and agents in the performance of their activities." It is thus necessary for plaintiffs seeking redress against a governmental entity to establish the requisite elements of the alleged tortious conduct. This includes the existence of a legal duty. The critical element for our determination is whether the county had a duty, or voluntarily assumed a duty, to keep the highways free from a nuisance. To this end appellees suggest that R.C. 723.01, which imposes a duty on *municipal corporations* to keep roads "open, in repair and free from nuisance," should also apply to counties. In *Heckert* we once again expressly declined to adopt such an expansive view and we reaffirm our position today. *Id.* at 407. See, *e.g., Ditmyer v. Bd. of Cty. Commrs.* (1980), 64 Ohio St. 2d 146 [18 O.O.3d 372] (snow

removal not encompassed within R.C. 305.12). Moreover, no evidence was presented to suggest that appellants, or their agents, undertook to engage in any kind of activity that would create a duty on their part for the benefit of appellees.

Finally, appellees suggest that because the muffler exhaust system is averred to have lain in the roadway for at least twenty-four hours prior to the accident, a duty, based on foreseeability, was created to compel the county to rectify the potential hazard. Such a view, however, is incompatible with our prior discussion that imposes no special duty on the part of the county for roadway nuisances based on nonfeasance. The mere existence of a hazard does not result in actual or constructive notice to a governmental entity when the governmental entity's statutory or voluntarily assumed responsibilities do not include prevention or removal of the aforesaid hazard. This viewpoint is consistent with *Zents,* wherein we held that common-law liability for counties would be *the same* as that of private corporations or persons. Cf. *Gelbman* v. *Second Natl. Bank of Warren* (1984), 9 Ohio St. 3d 77. This court did not hold that abolition of immunity, in the absence of statute, imposes greater duties, and concomitantly greater potential liabilities, for counties. As a matter of common-law liability, therefore, appellees have not shown any basis in policy or law for imposition of a legal duty on appellants.

The grant of a motion for summary judgment "* * * hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O.3d 73]; Civ. R. 56(C). The trial court in the cause *sub judice* rendered summary judgment for the county commissioners and county engineer based upon appellees' failure to demonstrate the existence of a duty which, if breached, is actionable. For the reasons stated above, the record, construed most favorably for appellees, does not provide a basis for imposing a duty upon the county and the county engineer. Accordingly, summary judgment is appropriate.

The judgment of the court of appeals is reversed and that of the trial court is reinstated.

*Judgment reversed.*

LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., SWEENEY and CORRIGAN, JJ., dissent.

CORRIGAN, J., of the Eighth Appellate District, sitting for C. BROWN, J.

SWEENEY, J., dissenting. The majority, in its desire to hastily resolve the instant dispute, puts the "cart before the horse." While it is true that a plaintiff "seeking redress against a governmental entity * * * [must] establish the requisite elements of the alleged tortious conduct," a plaintiff clearly is not required to *establish* the elements of the alleged tort in its complaint. Further, it is the defendant who carries the burden of sustaining its own motion for summary judgment; and, unless the defendant meets that burden by presenting some evidence in support of its motion, the plaintiff is not obligated to "prove its claim" in its response to the defendant's motion for summary judgment.

Thus, it was incumbent upon the *defendants* herein to offer evidence to show that they did *not* "engage in any kind of activity that would create a duty on their part." Since neither the county commissioners nor the county engineer offered any evidence to refute the plaintiffs' allegation of a common-law duty, the plaintiffs had no obligation to respond to the defendants' motion with evidence that the commissioners, the engineer, or their agents, "undertook to engage in * * * activity that would create a duty on their part."

The plaintiffs' complaints alleged that the Board of County Commissioners of Hamilton County and the Hamilton County Engineer (or their agents) had violated statutory and common-law duties in failing to correct a hazardous roadway condition. The defendants moved for summary judgment on the basis of sovereign immunity — *i.e.,* asserting (1) that they were shielded from liability by sovereign immunity, and (2) that there were no statutes abrogating this immunity as it applied to the instant case. The defendants' original motion for summary judgment did not directly address the plaintiffs' allegation of a common-law duty; and, in their reply to the plaintiffs' response to the original motion, the defendants merely stated, in conclusory fashion without *any* evidentiary support, that they had no actual knowledge of the hazardous road condition. Thus, we are left with the plaintiffs' complaint (which alleged a common-law duty on the part of the defendants), the affidavits attached to the plaintiffs' response to the motion for summary judgment (which indicate that the muffler, which was alleged to be the hazardous road condition, had been located on the county road at least six hours prior to the plaintiffs' accident), and the defendants' unsupported statement that they lacked actual knowledge of the hazardous condition.

Based on the foregoing, there can be no question that a genuine issue remains as to several "material facts." First, the defendants presented no evidence to refute the plaintiffs' allegation that the defendants had a common-law duty to correct the hazardous road condition. If, perhaps, the defendants had offered evidence to show that the county does not remove debris from county roads, *then* their assertion that they owe no common-law duty to the plaintiffs might warrant summary judgment. However, no such evidence was offered.

Second, the defendants presented no evidence to show they had a lack of actual *or constructive* knowledge of the hazardous road condition. If, perhaps, the defendants had offered evidence to show that the county had inspected the portion of roadway in question on the day prior to the accident and had found no hazardous debris, or that some other reasonable "inspection scheme" was followed without discovery of the debris, *then* the defendants' assertion of a lack of knowledge might warrant summary judgment. Unlike *Heckert* v. *Patrick* (1984), 15 Ohio St. 3d 402, in which an affidavit on behalf of the defendant Stark County Board of Commissioners evinced that the county road supervisor's patrols of the road in question failed to provide him with actual or constructive knowledge of the weakened condition of a roadside tree, the defendants herein merely assert, *without any evidentiary support,* that they lacked actual knowledge of the hazardous road condition. Such bald assertions do not merit summary judgment.

Because the majority's decision is reached without regard to the proper standard for summary judgment, thereby depriving the plaintiffs of the opportunity to fairly establish their claims against the Board of County Commissioners of Hamilton County and the Hamilton County Engineer, I must dissent.

CELEBREZZE, C.J., and CORRIGAN, J., concur in the foregoing dissenting opinion.