APPLEGATE ET AL., APPELLANTS, *v.* DUNCANSIDE PARK; BOARD OF COMMISSIONERS OF PORTAGE COUNTY, APPELLEE.

(No. 1581 — Decided March 17, 1986.)

*Thomas A. Cox,* for appellants.
*Roetzel & Andress, George A. Clark* and *Timothy S. Guster,* for Duncanside Park.
*George A. Clark,* for appellee.

FORD, J. On May 27, 1981, plaintiff-appellant, Paul L. Applegate, was driving an automobile owned by his wife, plaintiff-appellant, Deanna Applegate, on Mogadore Road in Portage County, Ohio. Appellant stopped at the intersection of Mogadore Road and County Road 18, a four-lane highway with a grass median strip. When appellant attempted to cross the southbound lanes of County Road 18, a car driven by

Linda Severt collided with the right side of appellants' automobile.

On January 14, 1982, appellants filed a complaint against defendant Duncanside Park ("Duncanside") alleging that an advertisement which Duncanside had attached to a road sign had obstructed appellant's vision and, as such, proximately caused the collision and resulting damages. Appellants' complaint also sought to impose liability on defendant-appellee, Portage County Commissioners, for negligently failing to trim grass and weeds growing in the median strip at the intersection in question. Appellants asserted that such failure was a violation of appellee's statutory duty, under R.C. 305.12, to keep county roads "in proper repair."

Thereafter, on August 1, 1983, appellee filed a motion for summary judgment contending that the duty to maintain the median strip was not the responsibility of appellee, but of the Ohio Department of Transportation. In addition, appellee argued that the duty imposed by R.C. 305.12 only pertained to the roadbed itself and not to the median strip. The Portage County Court of Common Pleas granted appellee's motion on October 12, 1983, concluding that the removal of weeds from the median strip did not fall within the definition of repair under R.C. 305.12. Thereafter, appellants arrived at a settlement with Duncanside, filing a dismissal entry with the trial court on April 11, 1985. The entry, which was signed by the trial judge, dismissed appellants' claim against Duncanside with prejudice. However, appellants reserved their claims against appellee, perfecting the instant appeal in which they raise the following assignment of error:

"The lower court erred in granting the appellee's [motion for] summary judgment under Ohio Civil Rule 56(B), since there is a genuine issue of material fact regarding the county's liability under the common law."

In their sole assignment of error, appellants assert that the trial court erred in sustaining appellee's motion for summary judgment, contending that there was a genuine issue of material fact regarding appellee's common-law duty to maintain the median strip in question. The assignment is without merit.

The Supreme Court of Ohio has previously determined that counties are subject to the same rules as private parties under common-law tort principles. *Zents* v. *Bd. of Commrs.* (1984), 9 Ohio St. 3d 204. Correspondingly, any liability on the part of appellee is premised upon the existence of an express duty, albeit common law or statutory, owed by appellee to the appellants. See *Strunk* v. *Dayton Power & Light Co.* (1983), 6 Ohio St. 3d 429, 431.

In the trial court, appellants asserted that appellee had a statutory duty to remove weeds and grass from the median strip of a county road. This alleged statutory duty is premised upon R.C. 305.12, which provided in relevant part that:

" * * * The board shall be liable, in its official capacity, for damages received by reason of its negligence or carelessness in not keeping any such road or bridge in proper repair * * *."

The trial court, however, concluded that the removal of weeds from a median strip does not fall within the statutory definition of repair. Such conclusion is clearly supported by the Ohio Supreme Court's decision in *Heckert* v. *Patrick* (1984), 15 Ohio St. 3d 402, 406-407, which states that:

"A review of case law decided under R.C. 305.12 and its predecessor, G.C. 2408, reveals two recognized principles. First, the intent of the General Assembly was to place a duty on the commissioners only in matters concerning either the deterioration or disassembly of county roads and bridges. * * * Second, liability will not be imposed under the purview of the statute when the ob-

structions or interferences are unrelated to the conditions of the roadway. * * *''

Accordingly, we agree with the trial court that appellee did not have a statutory duty pursuant to R.C. 305.12 to remove weeds from the median strip in question. Cf. *Zupancic* v. *Cleveland* (1978), 58 Ohio App. 2d 61 [12 O.O.3d 77] (construing R.C. 723.01).

Appellants also sought to impose liability, in the trial court, on the basis of R.C. 5579.04.

"A board of county commissioners, * * * having control of and being charged with the duty of repairing macadamized, graveled, or improved roads, * * * between the first and twentieth days of June, the first and twentieth days of August, and, if necessary, between the first and twentieth days of September of each year * * * shall destroy all brush, briers, burrs, vines, or noxious weeds, growing within the limits of a county or township road, or improved, graveled, or macadamized road, street, or alley within their jurisdiction." R.C. 5579.04(B).

However, the foregoing statutory section is not applicable to the present facts since appellants' accident occurred outside the limits of those dates contained in R.C. 5579.04(B). Accordingly, the trial court correctly concluded that appellee's liability could not be premised upon R.C. 5579.04.

Although appellants acknowledge the absence of any statutory duty on the part of appellee, appellants contend that, since the doctrine of sovereign immunity has been abolished, they should still be permitted to proceed against appellee under a common-law theory of negligence. However, even though sovereign immunity is no longer available as a defense, appellants still must establish the required elements of appellee's alleged tortious conduct. *Strunk, supra,* at 431. In this respect, appellants fail to indicate what common-law theory would entitle them to recovery.

Liability for tortious conduct is premised upon the existence of an express duty, albeit common law or statutory, owed by the defendant to the plaintiff. *Strunk, supra,* at 431. Counties, as creatures of statute, possess only those powers and duties imposed upon them by statute. 52 Ohio Jurisprudence 3d (1984) 122, Government Tort Liability, Section 25. In the instant action, appellants have not demonstrated the existence of any statutory duty on the part of appellee to trim weeds growing in the median strip of a county highway. In the absence of such duty, appellants cannot recover against appellee even though sovereign immunity no longer remains as a defense.

The judgment of the Portage County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DAHLING, P.J., and COOK, J., concur.