STOYER, APPELLANT, *v.* SUMMIT COUNTY EXECUTIVE ET AL., APPELLEE.

(No. 13122—Decided January 13, 1988.)

*Kenneth L. Gibson,* for appellant.
*James J. Gutbrod,* for appellees.

CACIOPPO, J. In 1982, while being held in the Summit County Jail pending trial on charges of sexual abuse of children, plaintiff-appellant, Donald Stoyer, was the victim of rapes by two other prisoners on two separate occasions. Thereafter, Stoyer was convicted of the sexual abuse charges. In 1986, he filed suit for the rapes allegedly perpetrated against him, naming as defendants, *inter alia,* the Summit

County Sheriff, Executive, and Council.

The complaint stated a claim for damages suffered as the result of negligence or intentional tort, as well as a claim under Section 1983, Title 42, U.S. Code. Defendants filed a motion for summary judgment which the trial court granted. Stoyer now appeals.

Assignments of Error

"I. The lower court erred in finding no liability to plaintiff-appellant based solely upon Ohio Revised Code Section 2744.02, because Ohio Revised Code Section 2744.02, by its own terms, does not apply to the present case.

"II. The lower court erred in finding no duty to the plaintiff-appellant as a prisoner in a county detention facility."

The trial court's order granting summary judgment in favor of defendants-appellees, provides, in pertinent part, that:

"The court, having considered the motion, finds that there is no statutory duty that creates liability under these circumstances. See Ohio Revised Code Section 2744.02. * * *"

It was error for the trial court to grant summary judgment on this basis.

R.C. 2744.02(B)(4), classifications of functions of political subdivisions, liability, exceptions, provides:

"Political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code."

However, R.C. 2744.02 became effective on November 20, 1985, and was intended to be prospective in its application. See Section 3, Am. Sub. H.B. No. 176 (141 Ohio Laws 1699, 1731).

Accordingly, there was no statutory exemption from liability available to the defendants at the time Stoyer's cause of action arose. There was also no judicially recognized common-law immunity which could have been afforded the defendants as the result of the decision in *Zents* v. *Bd. of Commrs.* (1984), 9 Ohio St. 3d 204, 9 OBR 516, 459 N.E. 2d 881, where the Supreme Court abrogated the doctrine of sovereign immunity for counties. Although *Zents* was decided in 1984, it has been applied retrospectively. See *Ruwe* v. *Bd. of Cty. Commrs. of Hamilton Cty.* (1986), 21 Ohio St. 3d 80, 21 OBR 377, 488 N.E. 2d 157 (cause of action arose in 1980).

In reviewing a motion for summary judgment, both the trial and appellate courts must follow the standard specifically set forth in Civ. R. 56(C):

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

Stoyer contends that the defendants had a duty, at common law and by statute (pursuant to R.C. 2921.44

[C][3]), to prevent and protect him from being harmed. Genuine issues of material fact remain as to the existence and the breach of such duties.

Accordingly, appellant's assignments of error are well-taken. The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion and law.

*Judgment accordingly.*

BAIRD, P.J., and GEORGE, J., concur.

GEORGE, J., concurring. In granting summary judgment for the county, the trial court, citing to R.C. 2744.02, concluded that the county owed no statutory duty to the plaintiff under R.C. 2921.44(C)(3). The majority correctly points out that R.C. 2744.02 was not in effect at the time of the events giving rise to the cause of action, and is not to be given retrospective application. Thus, this statute cannot be a basis upon which the county's liability is precluded.

Notwithstanding the inapplicability of the protections provided a county under R.C. 2744.02, the trial court correctly found an absence of any civil statutory duty owed to Stoyer by the county. R.C. 2921.44(C)(3), cited by Stoyer as the source of the county's civil statutory duty, imposes criminal liability on a person in charge of a detention facility for his negligent failure to prevent physical harm to a prisoner by another prisoner. This statute is part of the criminal code and is intended to deter an officer from neglecting his duties by providing criminal sanctions for such failure. R.C. 2921.44(C)(3) does not also establish a civil liability for such failure and cannot be so construed. A criminal statute which does not purport to create civil liability but merely provides for the security and welfare of prisoners by the imposi-

tion of criminal sanctions for an officer's dereliction of duty is not to be construed as establishing a statutory civil liability. See *Eisenhuth* v. *Moneyhon* (1954), 161 Ohio St. 367, 53 O.O. 274, 119 N.E. 2d 440, paragraph three of the syllabus. The duty asserted by Stoyer under R.C. 2921.44(C)(3) is simply a declaration of the common-law duty of due care on a case-by-case basis. See *Justice* v. *Rose* (1957), 102 Ohio App. 482, 3 O.O. 2d 39, 144 N.E. 2d 303.

Although the trial court was correct in finding that the county had no statutory duty to Stoyer, the granting of summary judgment was error. In order to fully ascertain the county's liability in tort, both common-law and statutory duties must be addressed. *Heckert* v. *Patrick* (1984), 15 Ohio St. 3d 402, 15 OBR 516, 473 N.E. 2d 1204. Here, the trial court failed to consider the common-law duty of the county. On that basis, this court must reverse the trial court's granting of summary judgment. A genuine issue of material fact exists as to whether the county owed a common-law duty to Stoyer under the facts of this case and, if so, whether such duty was breached by the county.