JOURNAL ENTRY and OPINION
Appellants Daisy and Eugene Lee appeal a decision by the trial court in favor of appellees Joseph and Hannah Grant in the Lees' action for injuries sustained when Daisy Lee slipped and fell on some ice and snow on the Grants' property. The Lees assign the following error for our review:
 THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS IN FAILING TO VIEW THE FACTS IN A LIGHT MOST FAVORABLE TO THE APPELLANTS HEREIN, AND IN FINDING, AS A MATTER OF LAW THE NON-EXISTENCE OF ISSUES OF CONTROVERTED FACT REQUIRING A JURY DECISION.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On March 9, 1996, Daisy Lee attended a baby shower at the home of Marsha Hayes at 1090 E. 99th Street. Marsha Hayes and her husband were renting the home from its owners, Joseph and Hanna Grant. Lee arrived at the house at about 4:30 p.m. Lee parked her car on the street and walked up the driveway to the house. As she walked up the inclined driveway, she noticed several areas of snow and ice on the driveway. As they walked up the driveway, Lee and several other shower guests held on to each other.
Lee left the shower at approximately 7:30 p.m. She decided that she did not want to go back down the driveway. Lee noticed that the front walkway leading to the street appeared to be clearer than the driveway and she decided to return to her car via the front walkway. As she walked down the walkway, Lee's left foot slipped causing her to fall backwards. Lee noticed that her heels were on a piece of ice. As a result of the fall, Lee suffered injuries to her left wrist, hand, and arm.
On March 9, 1998, Lee filed a complaint against the owners of the property, Joseph and Hanna Grant. Lee alleged that the Grants negligently failed to maintain the property, failed to give notice of a dangerous condition, and failed to properly remove the accumulation of ice and snow. Lee alleged that she fell on an unnatural accumulation of ice and snow that was negligently allowed to remain upon the path of exit intended for use by invitees. Lee's husband, Eugene, added a loss of consortium claim.
On July 23, 1999, the Grants filed a motion for summary judgment. Citing Brinkman v. Ross (1993), 68 Ohio St.3d 82,623 N.E.2d 1175, they argued that, because Lee fell on a natural accumulation of snow and ice, the Grants could not be held liable for her injuries. They also argued that, under Hendrix v. Eighth Walnut Corp. (1982), 1 Ohio St.3d 205, 438 N.E.2d 1149 and Oglev. Kelly (1993), 90 Ohio App.3d 392, 396, jurisdictional motion overruled (1994), 68 Ohio St.3d 1448, 626 N.E.2d 689, landlords who have neither possession nor control of rented property cannot be held liable for damages resulting from the condition of the property. In support of their motion, the Grants attached excerpts from the deposition testimony of Daisy Lee in which she made the following statements:
When she arrived at the baby shower at around 4:30 p.m., the weather was sunny and cold. As she walked up the driveway toward the house, she noticed patches of ice and snow in the driveway and that the driveway appeared to have been partially cleaned. As she left the house, she decided to use the front walkway which appeared to have been cleaned more than the driveway. Lee stated that she was watching where she was going and that she was looking down at the time she fell. She stated that she saw some snow on the walkway but did not see the ice. She admitted knowing that snow can be slippery if it freezes.
The Grants also attached the deposition testimony of Joseph Grant who stated that he never cleaned the driveway or the front walkway of the home at any time since the tenants occupied the property. He also stated that the tenants had complete, unrestricted access to the property.
On September 16, 1999, the Lees filed their brief in opposition to the Grant's motion for summary judgment. The one-page brief read as follows:
 It is a matter of law the trial court must view the facts in a light most favorable to the nonmoving party, resolving any controversy as to the facts or the law in favor of the nonmoving party. The court in Noll v. Nezbeth
(1989), 63 Ohio App.3d 46, 51, 577 N.E.2d 1137, 1140, held that: It is well settled that summary judgment should be used cautiously so as not to usurp a litigant's right to trial. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 13 OBR 8, 467 N.E.2d 1378. The purpose of such an endeavor is not to try issues of fact, but rather to determine whether triable issues of fact exist. Motion by defendants for summary judgment should, thus, be denied.
Attached to the brief in opposition of summary judgment was the affidavit of Daisy Lee who averred that she was caused to slip and fall on an unnatural accumulations of ice and snow on said premises. She also averred that, upon leaving the party, she chose the sidewalk of the dwelling where snow and ice had been rearranged so as to prevent the affiant from recognizing the full danger involved. Lee also averred that when first entering the residence for the party, the condition of the driveway was called to the attention of the resident, who responded the driveway had not been completely cleaned by the owner of the premises.
On September 21, 1999, the trial court granted the Grants' motion for summary judgment, ruling that the Lees failed to present any case law to dispute the Grants' legal arguments and case law. This appeal followed.
In their sole assignment of error, the Lees argue the trial court erred in granting summary judgment in favor of the Grants. A landlord who does not retain the right to admit or exclude people from leased property does not reserve the possession or control necessary to impose liability upon him for injuries caused by the condition of the premises. Hendrix, 1 Ohio St.3d at 207,438 N.E.2d at 1151. See, also, Ogle, 90 Ohio App.3d at 396,629 N.E.2d at 498. ([T]he lessor of a single-family residence does not retain control of the yard of exterior of the premises in the same manner that the owner of a multi-unit building retains control of hallways, driveways and other common areas.)
In this case, Grant stated that the tenants had complete, unrestricted access to the property and that Grant never cleaned the driveway or the front walkway of the home at any time since the tenants occupied the property. This testimony constitutes evidence that Grant did not retain any control over the property so as to support an imposition of liability upon him for injuries caused by the property's condition.
We also reject the Lees' argument that Daisy Lee's affidavit raised a genuine issue of material fact about whether the snow and ice had been rearranged by the landlord, Grant. Lee's affidavit, in which she claims that the tenant of the home told her that Grant failed to completely clean the driveway, is not sufficient to create a material issue of fact for trial.
Civ.R. 56(E) provides:
 Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.
(Emphasis added.) See Dresher v. Burt (1996), 75 Ohio St.3d 280,288, 662 N.E.2d 264, 270. The statements contained in an affidavit must be based on the personal knowledge of the affiant. See Youngv. Clarkwood Apt. Co. (Dec. 19, 1991), Cuyahoga App. No. 59624, unreported. An affidavit that contains hearsay or other inadmissible evidence is not sufficient to support a motion for summary judgment. Brookwood Inn, Inc. v. City of Brook Park (June 1, 2000), Cuyahoga App. No. 76200, unreported, citing Bernardo v.Anello (1988), 61 Ohio App.3d 453, 457, 573 N.E.2d 126, 128; Kelkerv. Schwenke (1998), 129 Ohio App.3d 427, 431, 717 N.E.2d 1165,1168. See, also Gerry v. Saalfield Square Properties (Feb. 9, 1999), Summit App. No. 19172, unreported, citing Wall v. FirelandsRadiology, Inc. (1995), 106 Ohio App.3d 313, 335, 666 N.E.2d 235,249, discretionary appeal not allowed (1996), 74 Ohio St.3d 1512,659 N.E.2d 1289.
In his deposition, Grant denied that he ever cleaned the driveway of the home where Lee fell. The hearsay allegation in her affidavit was the only evidence presented by Lee that Grant cleared snow from the driveway and created an unnatural accumulation of ice and snow on the walkway. Because the affidavit was not based upon personal knowledge as required by Civ.R. 56(E), Lee did not meet her burden of establishing a material issue of fact for trial. Consequently, the trial court properly granted Grant's motion for summary judgment.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.